Plaintiff sues on a bizarre story that during the Marine Corps attack on Peleliu in 1944, he, an enlisted private, penetrated behind the Japanese lines and obtained Japanese maps and plans for defense of the Japanese homeland. High ranking Japanese Admirals and Generals committed hari-kari in his presence. He was informed by the commanding general of his own side that President Roosevelt had appointed him colonel, but he must agree to keep the appointment secret for 25 years or he would be shot on the spot. He was, he says, promised a promotion in the future to be Commandant of the Marine Corps, in the rank of full general. However, for now he would be satisfied with the pay and other emoluments of a full colonel retroactive to 1944, with the Congressional Medal of Honor and Purple Heart.
Defendant moves for summary judgment on grounds of statute of limitations, laches, and a challenge to the jurisdiction of the court on the ground we are unauthorized *910 to grant promotions. Defendant has accumulated quite a dossier on plaintiff, the authenticity of almost all of which plaintiff does not challenge. Plaintiffs true history is hardly less bizarre than his claim. For present purposes, statute of limitations considerations suffice. Plaintiff cross-moves for summary judgment.
Plaintiff, by his own statement, knew in 1969 that the 25 years of silence imposed on him had run, and the time was now ripe for him to claim the status and emoluments promised him. About that date he was arrested and charged with falsely impersonating an officer, but acquitted on the ground he was insane when he committed the wrongful act charged. Our statute of limitations is 6 years under 28 U.S.C. §2501, and plaintiff petitioned here January 12, 1982. More than 6 years before that filing date, plaintiff was prosecuting administratively a claim similar to the one asserted here, except that the claimed rank seems to have escalated over the years. Plaintiff obtained new information under the Freedom of Information Act, but under Braude v. United States, 218 Ct.Cl. 270, 585 F.2d 1049 (1978), the information he already had sufficed to accrue the claim and start limitations running. Nor do we think the "continuing claims” theory has any validity when, as here, the true nexus of the claim is breach of an agreement to allow plaintiff to adopt publicly the rank and perquisites of a colonel after 25 years. The agreement, had it existed, plainly was breached once and for all by prosecution of plaintiff for falsely impersonating an officer, and acquitted on the ground of insanity only.
Accordingly, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for rehearing was denied September 10, 1982.